UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : CHAPTER 13 |
| JAMES TEMPLE PAUL | : CASE NO. 1-19-02895-HWV |
| ELAINE ANNA PAUL | : |
|     Debtors | : |
| | : |
| JAMES TEMPLE PAUL | : |
| ELAINE ANNA PAUL | : |
|     Movants | : |
| | : 12 Victor Drive |
| v. | : Biglerville, Pennsylvania |
| | : |
| HUNTINGTON NATIONAL BANK; | : |
| JACK N. ZAHAROPOULOS, ESQUIRE, | : |
| CHAPTER 13 TRUSTEE | : |
|     Respondents | : |

## MOTION TO APPROVE SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS AND ENCUMBRANCES AND APPROVING DISTRIBUTION OF PROCEEDS

And now comes, James Temple Paul and Elaine Anna Paul (hereinafter "Debtors"), by and through their attorney, Lisa A. Rynard, Esquire and Law Office of Lisa A. Rynard, to Approve the Sale of Real Property Free and Clear of Liens and Encumbrances and Approving Distribution of Proceeds, pursuant to Section 105, 363(b), (c), (f), (k), and (m) of the United States Code, 11 U.S.C. §§101, et seq. (The "Bankruptcy Code"), is as follows:

**Jurisdiction**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

## Background

2. The Debtors/Movants, James Temple Paul and Elaine Anna Paul, are adult individuals residing at 12 Victor Drive, Biglerville, Pennsylvania 17307.

3. On July 5, 2019, the Debtors, James Temple Paul and Elain Anna Paul, filed their Petition under Chapter 13 of the United States Bankruptcy Code to the above case number in the within Court.

4. Jack N. Zaharopoulos, Esquire has been appointed Chapter 13 Trustee in this Bankruptcy case.

5. Respondent, Huntington National Bank, is a Pennsylvania banking institution with an headquarters at 5555 Cleveland Avenue, Columbus, Ohio 43231.

6. Respondent, Jack N. Zaharopoulos, Esquire is the Chapter 13 Trustee, with an address of 8125 Adams Drive, Suite A, Hummelstown, Pennsylvania 17036.

## The Property

7. The Debtors are the co-owners of a certain parcel of real estate being 12 Victor Drive, Biglerville, Adams, Pennsylvania (the "Real Property").

8. The Debtors have entered into a Sales Agreement for the sale of the Real Property (hereinafter "Agreement") to Rohit Patel (hereinafter "Buyer"). The Agreement provides for the total consideration of $288,000.00 for the purchase of the Real Property located at 12 Victor Drive, Biglerville, Pennsylvania. A true and correct copy of the Agreements are attached hereto. (See Exhibit "A").

## Liens, Claims, Encumbrances, and Other Interests

9. The real property is subject to the following mortgages, municipal and statutory liens, and judgments:

a. Mortgage lien in favor of Huntington National Bank securing debt in the current amount of approximately $34,466.60 or less recorded in the Office of the Recorder of Deeds in and for Adams County, (the "First Mortgage"). The mortgage was recorded March 31, 2016, at Book 6123, Page 263.

10. The Debtors ask that the Real Property be sold free and clear of all liens, claims, encumbrances, and other interests, including but not limited to the liens and other matters referenced above. All liens, claims, encumbrances, and other interests against or concerning the Asset shall transfer and affix to the sale proceeds in the same order of priority as they enjoyed immediately before the commencement of this bankruptcy case, subject to Bankruptcy Court order.

**Post-Petition Efforts To Sell The Property**

11. The Real Property has been listed with Coldwell Bank Realty since November 28, 2021. The original listing price was $299,999.00.

12. Buyer has been the only interested party to make a formal offer.

13. The Buyer is an unrelated third party.

14. The Debtors believe that the purchase price offered sets forth fair consideration given the current market conditions.

**The Proposed Sale**

15. Pursuant to the terms of, and subject to the conditions set forth in, the Agreement, James Temple Paul and Elaine Anna Paul will sell to Rohit Patel or his assigns, and Rohit Patel or his assigns will purchase the Real Property. Such terms and conditions contained in the Agreements include, among other things:

a. The gross purchase price is Two Hundred Eighty Eight Thousand Dollars ($288,000.00) for the Real Property;

b. The Agreement is conditioned upon approval by the Bankruptcy Court.

16. The aforesaid terms and conditions were negotiated by the parties at arms length and in good faith.

17. The Debtors submit that consummation of the sale transaction herein articulated is in the best interest of the Debtors' bankruptcy estate and its creditors.

18. The Debtors believe that the consideration payable by the Buyer under the Agreement for the purchase of the Real Property is fair and reasonable.

19. The Debtors submit that this Motion complies with 11 U.S.C. §363(f) and that the Agreement is a negotiated, arm's length transaction, to a non-insider, in which the Buyer has at all times acted in good faith.

**Proposed Distribution of the Sale Proceeds**

20. The Debtors propose to pay costs and expenses associated with the sale of the Real Property at closing as follows:

   a. Past due real estate taxes and municipal bills including water and sewer pro rated to the date of settlement;

   b. One percent (1%) transfer tax, notarization fee and incidental recording fees and other normal and customary costs associated with the sale of real property in Pennsylvania;

   c. Realtor commission of five percent (5%), plus $450.00 to Judy Gill and Coldwell Banker Realty;

   d. Attorneys fees and costs to Law Office of Lisa A. Rynard in the

amount of $3,000.00 in connection with this transaction;

e. Payoff to Huntington National Bank in full satisfaction on account of its mortgage at time of closing; and

f. Balance of proceeds to be paid to the Debtors on account of their exemption.

**Grounds for Relief**

**A. Approval of Sale Pursuant to Bankruptcy Code Section 363(b)**

21. Code Section 363(b)(1) provides, in relative part, that "[t]he trustee, after notice and a hearing, may use, sell, or lease other tan in the ordinary course of business, property of the estate." 11 U.S.C. §363(b)(1).

22. The proposed use, sale, or lease of property of an estate may be approved under 363(b) if supported by sound business purpose. See Titusville Country Club v. Pennbank (In re Titusville County Club), 128 B.R. 396 (Bankr. W.D.Pa. 1991).

23. Although Code Section 363 does not set forth a standard for determining when it is appropriate for a court to authorize the use, sale or lease of assets, courts within the Third Circuit and others, in applying this Section, have invoked the "business judgment rule" as a standard. See In re Exaeris, 380 B.R. 741, 744 (Bankr. D. Del. 19910; In re Industrial Valley Refrig. & Air Conditioning Sup., Inc., 77 B.R. 15, 21 (Bankr. E.D. Pa. 1987) (proponent of sale must show "sound business purpose" and meet other requirements of Code Section 363(b)(1)); In re Lionel Corp., 722 F.2nd 1063, 1068-69 (2d Cir. 1983) (a court may authorize the sale of a chapter 11 debtor's assets when "a sound business purpose" dictates such action).

24. As discussed herein, the Debtors' decision to sell the Real Property is an exercise of reasonable business judgment.

**B. The Sale Should Be Free of Liens, Claims, Encumbrances, and Other Interests**

25. Pursuant to Code Section 363(f) the trustee may sell property free and clear of liens, claims, and encumbrances if one of the following conditions is satisfied:

> a. Applicable non-bankruptcy law permits sale of such property free and clear of such interest;
>
> b. Such entity consents;
>
> c. Such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> d. Such interest is in a bona fide dispute; or
>
> e. Such entity could be compelled, in a legal or equitable proceeding, to accept any money satisfaction of such interest.

11 U.S.C. §363(f). See In re Trans World Airlines, Inc., 322 F.3rd 283, 288 (3rd Cir. 2003 (court may approve sale "free and clear" provided at least one subsections is met); Criimi Mae Services, L.P. v. EDH Howell, LLC (In re EDH Howell, LLC), 298 B.R. 527, 530 (Bankr.D.N.J. 2003).

26. Debtors believe that one or more conditions of Code §363(f) are satisfied in the present instance.

27. Huntington National Bank, first mortgage creditor encumbering the Real Property, which claimed is in an amount greater than the gross purchase price for the Real Property, will be paid in full satisfaction of its lien. All other creditors will be paid in full from the net sale proceeds.

28. A debtor may sell assets free and clear of any lien, claim, encumbrances, or interest provided the asset sale price exceeds the aggregate value of all secured liens, namely, the value of the collateral. See Milford Group, Inc. v. Concrete Steps Unit, Inc. (In re Milford Group, Inc.), 150 B.R. 904 (Bankr. M.D.Pa. 1992).

29. Accordingly, the Court should authorize the Debtor to sell the Real Property privately, free and clear of all liens, claims, and encumbrances, which such liens to be transferred and attached to the gross proceeds of the sale, with the same validity and priority that such liens had against the Real Property, and subject to the aforesaid costs of sale set forth in this Motion.

**C. Request That the Sale Approval Order Be Effective Immediately**

30. Bankruptcy Rule 6004 provides that an order authorizing the use, sale, or lease of property, be stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise. Fed. R. Bank. P. 6004(h). Because the Real Property will likely decrease in value over time and/or will be subjected to foreclosure sale by one of the secured creditors, and because the first mortgage creditor (Huntington National Bank) will be paid in full satisfaction of its lien, and because all other secured creditors will be paid in full at closing, Debtors request that any order approving the sale transaction be effective immediately by declaring inapplicable the 14-day stay provided for in Bankruptcy Rule 6004(h).

31. The Debtors request that any Order approving this Motion remain enforceable in the event of appointment of an Examiner or Trustee or conversion of this case to any other chapter of the Bankruptcy Code.

WHEREFORE, James Temple Paul and Elaine Anna Paul, Debtors herein, respectfully pray your Honorable Court to enter an Order:

    a. Approving the Sale of the Real Property owned by the Debtors free and clear of all liens, claims, and encumbrances;

    b. Allowing and directing payment of the costs and expenses involved with the sale of the Real Property as set forth above;

    c. Authorizing attorney fees to Law Office of Lisa A. Rynard in the amount of $3,000.00;

    d. Allowing payment of the funds in full satisfaction to Huntington National Bank on account of its mortgage;

    e. Allowing payment of the balance to of proceeds to Debtors on account of their exemption;

    f. That the Order Approving Sale of Real Estate Free and Clear of Liens and Encumbrances is effective immediately and Bankruptcy Rule 6004(h) is waived; and

    g. Providing for such other and further relief as is just and proper.

    Respectfully submitted,

    LAW OFFICE OF LISA A. RYNARD

    By: /s/ Lisa A. Rynard
    Lisa A. Rynard, Esquire
    240 Broad Street
    Montoursville, PA 17754
    (570) 505-3289
    larynard@larynardlaw.com

Dated: January 19, 2022